758 F.2d 652
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RANDALL COLLINS, PETITIONER-APPELLANT,
v.
WILLIAM FRENCH SMITH ATTORNEY GENERAL; CLAIRE A. CRIPE,
GENERAL COUNSEL UNITED STATES BUREAU OF PRISONS,
RESPONDENTS-APPELLEES.
 NO. 83-5716
 United States Court of Appeals, Sixth Circuit.
 2/14/85
 
 ORDER
 BEFORE: LIVELY, Chief Judge; MARTIN, Circuit Judge; and BROWN, Senior Circuit Judge.
 
 
 1
 The petitioner appeals the order dismissing his pro se petition for a writ of habeas corpus under 28 U.S.C. Sec. 2241. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The petitioner, who is serving a federal sentence for conspiracy to possess and possession of marijuana, filed this pro se action asserting that he is a member of the Ethiopian Zion Coptic Church which uses marijuana as a sacrament representing the spiritual body and blood of Jesus Christ. He stated that prison officials have punished him for using marijuana and that the parole board has informed him that use or possession of marijuana after his release would violate the terms of his special parole. He claimed these restrictions violate his first amendment right to practice his religion and sought injunctive relief barring such restrictions and requiring prison officials to supply him with marijuana for religious purposes.
 
 
 3
 The district court found the petitioner stated a claim under the first amendment, but held the government's interests in keeping marijuana out of penal institutions outweighed the petitioner's interests in practicing his religion as he saw fit.
 
 
 4
 A prisoner does not have an absolute right to practice his religion in accord with his desires. He is, however, entitled to have a court balance his first amendment claims against the government's legitimate interests in operating its prisons. Brown v. Johnson, 743 F.2d 408, 411 (6th Cir. 1984); Jihaad v. O'Brien, 645 F.2d 556, 564 (6th Cir. 1981). Although prison regulations which allegedly infringe first amendment freedoms must be scrutinized carefully to ascertain the extent they are necessary to effect legitimate penalogical policies and goals, Brown v. Johnson, supra, at 412, courts must also defer to the judgment of prison officials in matters of institutional security and order. Bell v. Wolfish, 441 U.S. 520, 547-48 (1979).
 
 
 5
 We find the district court properly balanced the competing interests in this case and did not err in finding the governmental interests in institutional security and order outweighed the petitioner's interests in using marijuana as part of his religious practices. We note that other courts have reached the same result in the context of criminal law, including two appeals--one being the petitioner's--involving members of the Ethiopian Zion Coptic Church. See United States v. Rush, 738 F.2d 497 (1st Cir. 1984); United States v. Middleton, 690 F.2d 820, 824-26 (11th Cir. 1982); cert. denied, 460 U.S. 1051 (1983). See also Randall v. Wyrick, 441 F.Supp. 312 (W.D. Mo. 1977); United States v. Kuch, 288 F.Supp. 439 (D.D.C. 1968).
 
 
 6
 We also reject the petitioner's additional argument that he is denied equal protection of law because the government has exempted members of the Native American Church from the federal criminal statutes relating to the possession and use of peyote. See 21 C.F.R. Sec. 1307.31 (1984). See generally Peyote Way Church of God, Inc. v. Smith, 742 F.2d 193 (5th Cir. 1984). This argument was also rejected in the petitioner's direct appeal; United States v. Rush, supra, at 513, and it has less relevance here in that the petitioner has failed to show that prison officials permit members of the Native American church to use peyote in prison religious services.
 
 
 7
 It is ORDERED that the district court's order of September 20, 1983 dismissing the petitioner's action be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.